**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Roberto A. Grau Feria,<br><br>*Debtor(s)*. | Chapter 13<br>Case No. 24-12338-amc |

## Chapter 13 Plan

☐ Original

☒ **First** Amended

**Date**: **November 25, 2024**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1(c) Disclosures

☐ Plan contains non-standard or additional provisions – see Part 9
☐ Plan limits the amount of secured claim(s) based on value of collateral and/or changed interest rate – see Part 4
☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**§ 2(a)   Plan payments (For Initial and Amended Plans)**

**Total Length of Plan: 60** months.

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ **52,790.00**

Debtor shall pay the Trustee $ _____ per month for _____ months and then

Debtor shall pay the Trustee $ _____ per month for the remaining _____ months;

**OR**

Debtor shall have already paid the Trustee **$1,200.00** through month number **5 (December 2024)** and then shall pay the Trustee **$938.00** per month for the remaining **55** months.

☐   Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)   Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known)**

Not Applicable

**§ 2(c)**  **Alternative treatment of secured claims**

☒ **None**
If "None" is checked, the rest of § 2(c) need not be completed.

**§ 2(d)**  **Other information that may be important relating to the payment and length of Plan**

Not Applicable

**§ 2(e)**  **Estimated Distribution**

| | | | |
|---|---|---|---|
| A. | Total Administrative Fees (Part 3) | | |
| | 1. | Postpetition attorney's fees and costs ......................................... | $2,540.00 |
| | 2. | Postconfirmation Supplemental attorney's fees and costs ................ | $0.00 |
| | | Subtotal ......................... | $2,540.00 |
| B. | Other priority claims (Part 3) ..................................................................... | | $0.00 |
| C. | Total distribution to cure defaults (§ 4(b)) ................................................... | | $0.00 |
| D. | Total distribution on secured claims (§§ 4(c) &(d)) ..................................... | | $0.00 |
| E. | Total distribution on general unsecured claims (Part 5) ..................... | | $44,961.00 |
| | | Subtotal ........................ | $47,501.00 |
| F. | Estimated Trustee's Commission ........................................................ | | $5,289.00 |
| G. | Base Amount ..................................................................................... | | $52,790.00 |

**§2 (f)**  **Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☒ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $4,725.00, with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

## Part 3: Priority Claims

**§ 3(a)**  Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise.

| Creditor | Proof of Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| **Sadek Law Offices, LLC** | | **Attorney Fees** | $2,540.00 |

**§ 3(b)**  Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☒ **None**
If "None" is checked, the rest of § 3(b) need not be completed.

## Part 4: Secured Claims

**§ 4(a)    Secured Claims Receiving No Distribution from the Trustee**

☒ None
*If "None" is checked, the rest of § 4(a) need not be completed.*

**§ 4(b)    Curing default and maintaining payments**

☒ None
*If "None" is checked, the rest of § 4(b) need not be completed.*

**§ 4(c)    Allowed secured claims to be paid in full: based on proof of claim or pre- confirmation determination of the amount, extent or validity of the claim**

☒ None
*If "None" is checked, the rest of § 4(c) need not be completed.*

**§ 4(d)    Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☒ None
*If "None" is checked, the rest of § 4(d) need not be completed.*

**§ 4(e)    Surrender**

☒ None
*If "None" is checked, the rest of § 4(e) need not be completed.*

**§ 4(f)    Loan Modification**

☒ None
*If "None" is checked, the rest of § 4(f) need not be completed.*

## Part 5: General Unsecured Claims

**§ 5(a)    Separately classified allowed unsecured non-priority claims**

☒ None
*If "None" is checked, the rest of § 5(a) need not be completed.*

**§ 5(b)    Timely filed unsecured non-priority claims**

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☒ Debtor(s) has non-exempt property valued at **$44,961.00** for purposes of § 1325(a)(4) and plan provides for distribution of **$44,961.00** to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follows *(check one box)*

☒ Pro rata

☐ 100%

☐ Other (Describe):

**Part 6: Executory Contracts & Unexpired Leases**

☒ **None**
*If "None" is checked, the rest of § 6 need not be completed.*

**Part 7: Other Provisions**

**§ 7(a)    General principles applicable to the Plan**

(1) Vesting of Property of the Estate (check one box)

☒ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan. Debtor shall amend the plan or file an objection should a timely filed unsecured claim render the Plan unfeasible.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b)    Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

**§ 7(c)    Sale of Real Property**

☒ **None**
*If "None" is checked, the rest of § 7(c) need not be completed.*

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

    **Level 1**: Trustee Commissions*

    **Level 2**: Domestic Support Obligations

    **Level 3**: Adequate Protection Payments

    **Level 4**: Debtor's attorney's fees

    **Level 5**: Priority claims, pro rata

    **Level 6**: Secured claims, pro rata

    **Level 7**: Specially classified unsecured claims

    **Level 8**: General unsecured claims

No distribution will be made by the Trustee to untimely filed general unsecured claims unless otherwise ordered by the Court.

***Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent. If the Trustee's compensation rate increases resulting in the Plan becoming underfunded, the debtor shall move to modify the Plan to pay the difference.***

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

    ☒ **None**
        *If "None" is checked, the rest of Part 9 need not be completed.*

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date: November 25, 2024        /s/ Brad J. Sadek, Esq.
                                            Brad J. Sadek, Esq.
                                            Attorney for Debtor(s)

### Certificate of Service

I, Brad J. Sadek, Esq., hereby certify that on November 25, 2024, a true and correct copy of the First Amended Chapter 13 Plan was served by electronic delivery or Regular US Mail to the Debtor, secured and priority creditors, the Trustee and all other directly affected creditors per the address provided on their Proof of Claims. If said creditor(s) did not file a proof of claim, then the address on the listed on the Debtor's credit report will be used for service.

Date: November 25, 2024        /s/ Brad J. Sadek, Esq.
                                            Brad J. Sadek, Esq.